IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID P. LAPCEVIC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09-cv-00564 |
| | ) | |
| v. | ) | Judge Terrence F. McVerry |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| STRIVE ENTERPRISES, INC. | ) | |
| JOHN SALVITTI, | ) | Doc. No. 24 |
| BUZZ GARDNER, | ) | |
| and DR. E. RONALD SALVITTI, | ) | |
| | ) | |
| Defendants | ) | |

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss Plaintiff's claims of aiding and abetting and employment discrimination under Title VII and the Pennsylvania Human Relations Act as against Dr. E. Ronald Salvitti, and age discrimination under Title VII and the Pennsylvania Human Relations Act in Second Amended Complaint (Document No. 24) filed by Defendants be granted.  In addition, it is respectfully recommended that the Motion to Dismiss Plaintiff's claim of retaliation under Title VII and the Pennsylvania Human Relations Act  filed by Defendants be denied.  It is further recommended that the Motion for More Definite Statement be granted as to Count II in its entirety and Count III, only as it pertains to John Salvitti and Buzz Gardner.

**II.  REPORT**

In his Second Amended Complaint, Plaintiff David P. Lapcevic ("Plaintiff") alleges that his former employer, Defendant Strive Enterprises, including John Salvitti, Buzz Gardner, and Dr. E. Ronald Salvitti, discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, and in violation of the Pennsylvania Human Relations Act ("PHRA").

In response, Defendants filed the instant Motion to Dismiss/ Motion for a More Definite Statement regarding Plaintiff's Title VII and PHRA claims in Second Amended Complaint ("Motion") and corresponding Memorandum of Law in Support.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, *inter alia*.

In its Motion, Defendant contends that the Second Amended Complaint fails to state a claim against Dr. E. Ronald Salvitti as to the aiding and abetting, and employer status issues, since it does not demonstrate Dr. E. Ronald Salvitti's involvement in the management of Strive Enterprises. Defendant further contends that the Second Amended Complaint fails to state a claim against any of the Defendants as to the age discrimination and retaliation issues since it does not demonstrate that Plaintiff was discriminated against because of his age.  For the reasons set forth below, the Court finds that the Second Amended Complaint does not aver sufficient facts as to the aiding and abetting against  Dr. E. Ronald Salvitti, and the age discrimination claims in general, to survive a motion to dismiss.  Furthermore, the Court find that the Second Amended Complaint does aver sufficient facts as to the retaliation claim.  Therefore, the Court recommends that Defendant's Motion be granted in part, and denied in part.

### A.    Motion to Dismiss  - Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993).  A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46

(1957)); *Ashcroft v. Iqbal,* 129 S.Ct.1937, 1960 (May 18, 2009) (citing *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal* at 1949 (citing *Twombly* at 556).  The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly* at 556-57).

Recently, the court of appeals expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's recent decision in *Iqbal*.

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949.  To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim.  First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint.  *Fowler* at 210-11.  Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief."  *Id*. at 211.  To survive a motion to dismiss, a complaint must show an entitlement

to relief through its facts.  *Id.* (citing *Phillips* at 234-35).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, slip op. at 14.  Determination of the "plausibility" requirement is based on the court's own judicial experience and common sense. *Id*.

### B.     Procedural and Factual History

Plaintiff filed a Complaint in the instant action on May 7, 2009.  On June 8, 2009, Plaintiff filed an Amended Complaint.  On July 27, 2009, Defendant filed a Motion to Dismiss and/or, in the Alternative, Motion for More Definite Statement.  Plaintiff then filed a Second Amended Complaint on November 28, 2009.  Defendant filed the instant Motion and Memorandum of Law in Support on December 17, 2009.  Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss on December 29, 2009.

The relevant facts, as stated in Plaintiff's Second Amended Complaint ("Compl.") and viewed in the light most favorable to Plaintiff, are stated as follows.  Plaintiff began working for Strive Enterprises on August 6, 2007, as a Sales Representative.  (Compl. ¶ 13-14.)  During the first week of employment, Plaintiff accompanied Buzz Gardner ("Gardner") to the latter's church and was asked by Gardner to attend services.  (Compl. ¶ 16.)  After Plaintiff declined the request, Gardner failed to provide any support promised to Plaintiff, and discriminated and retaliated against Plaintiff.  (Compl. ¶¶ 16.)

Strive Enterprises sought to develop a younger image of the company, and began hiring younger employees.  (Compl. ¶¶ 19.)  At some point during the second or third week of employment, Plaintiff complained to John Salvitti ("Salvitti") regarding the younger sales

representatives working on the accounts promised to Plaintiff.  (Compl. ¶ 19.)  The younger sales associate was favored because he was the younger image Strive Enterprises sought to project, and he was also a member of Gardner's church.  (Compl. ¶ 19.)

After being employed by Strive Enterprises for approximately twenty-eight (28) days, Plaintiff was terminated from his position.  (Compl. ¶ 21.)  The reasons given by Strive Enterprises for the termination were that "Plaintiff's results were not up to standard and the company was going in another direction."  (Compl. ¶ 21.)

Plaintiff alleges that Defendants discriminated against him on the basis of his refusal to join Gardner's church, because of his age and sex or gender, and in retaliation for complaining of the less favorable treatment he received from Gardner and Salvitti.  (Compl. ¶ 21.)  In his claim for relief, Plaintiff requests relief in the form of back pay, benefits, privileges, compensatory damages, and "all other relief he is entitled to" under Title VII and the PHRA.  (Compl. ¶¶ 25, 31, 36.)

## C.    Analysis

Federal Rule of Civil Procedure 8(a) provides that a complaint shall contain:

(1)    a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it,

(2)    a short and plain statement of the claim showing that the pleader is entitled to relief, and

(3)    a demand for judgment for the relief the pleader seeks.

With regard to Rule 8(a)(2), a complaint must only "'give the defendant fair notice of what the    . . . claim is and the grounds upon which it rests . . . .'" *Twombly* at 554 (quoting *Conley* at 47).

With this precept in mind, the Court will address *seriatim* the claims that Defendants argue should be dismissed.

1.      **Claim Against Dr. E. Ronald Salvitti for Aiding and Abetting in**
        **Employment Discrimination and Retaliation under the PHRA**

The PHRA is the applicable decisional law governing the Defendant's liability for aiding and abetting in employment discrimination and retaliation.  The PHRA provides in pertinent part:

> It shall be an unlawful discriminatory practice . . . [f]or any person, employer, employment agency, labor organization or employee, to aid, abet, [or] incite . . . the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act . . . , or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

42 P.S. § 955(e) (2009).  While § 955(e) extends liability to any individual who aids and abets in alleged discrimination, "only supervisory employees . . . can be held liable under § 955(e)," based on the theory that only supervisory employees can share the intent and purpose with the employer to engage in discriminatory conduct.  *Carlton v. City of Philadelphia*, No. Civ.A. 03-1620, 2004 WL 633279, *8 (E.D. Pa. Mar. 30, 2004).  In *Dici v. Commonwealth of Pennsylvania*, the Court granted summary judgment in favor of the defendant, Brison, because he was not found to be a proper defendant under § 955(e) of the PHRA.  91 F.3d. 542, 552 (3d Cir. 1996).  Brison was a co-worker of the plaintiff, and the Court held that he lacked the "intent" necessary to be held liable for aiding and abetting for his supervisor's failure to respond to the plaintiff's employment discrimination allegations.  *Id*. at 553.  However, the Court did find that defendant, Monaco, could be held liable under § 955(e) for aiding and abetting because, in his supervisory capacity, Monaco "knew or should have known that the Plaintiff was being subjected to . . . harassment . . . [and] he repeatedly refused to take prompt action to end the harassment directed at Plaintiff.  Such conduct, if proven, would constitute aiding and abetting."  *Id*.

Plaintiff herein has failed to allege any facts that would suggest that Dr. E. Ronald Salvitti was Plaintiff's supervisor.  This Court gave Plaintiff permission to file a Second Amended Complaint and instructed Plaintiff to "specifically detail Dr. E. Ronald Salvitti's alleged involvement in the management of Strive."[1]  The Second Amended Complaint failed to specifically allege Dr. E. Ronald Salvitti's involvement in the management of Strive as required by this Court. Plaintiff's only argument that Dr. E. Ronald Salvitti had a role in the day to day operations of Strive Enterprises is that he is the controlling shareholder, and based on this position, he knew or should have known of the discriminatory conduct.  Therefore, Plaintiff has not established that Dr. E. Ronald Salvitti aided and abetted in employment discrimination under the PHRA.[2]

## 2.   Claim Against Dr. E. Ronald Salvitti Alleging Status as "Employer" for Liability Purposes under Title VII

Title VII imposes liability on an "employer" who engages in unlawful employment practices. 42 U.S.C. § 2000e-2.  While the statute defines who is entitled to the protections afforded by Title VII, the statute does not define what constitutes an "employer-employee" relationship.  However,

---

[1]On October 22, 2009, Plaintiff and Defendants Strive, John Salvitti, and Dr. E. Ronald Salvitti, appeared for a status conference.  During the conference, Plaintiff was instructed to specifically detail Dr. E. Ronald Salvitti's involvement in the management of Strive.  (Motion at 3).

[2]In *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008), the Court instructed that a district court must permit a curative amendment in a civil rights case unless such amendment would be inequitable or futile.  There is some issue as to whether this requirement applies outside the civil rights context, but in the event that the district court believes it does, given that Plaintiff has amended twice, the second being specifically to detail the involvement of Dr. E. Ronald Salvitti and after the first motion to dismiss had been filed putting Plaintiff on notice of the issues presented at present, the Court finds that permitting a third amendment would be futile in that no facts can be alleged to show the requisite involvement; and a third amendment would also be inequitable as Defendants have had to file two (2) motions to dismiss already and should not be forced to file yet another on the same issue.

the EEOC Compliance Manual provides guidance in determining whether a party is considered an "employer" for Title VII purposes.[3]   Referring to one's title, such as shareholder or partner, does not determine whether that party is an employer under Title VII.  *Clackamas Gastroenterology Assoc. v. Wells*, 538 U.S. 440, 450 (2003).  Rather, an employer is one who manages the enterprise; the employer exercises control over the day-to-day operations of the enterprise, such as engaging in the hiring and firing of employees, assigning of tasks, and determining the distribution of profits and losses.  *Id*.

Applying the *Clackamas* "test" to the instant case, Plaintiff has not alleged any facts that would support a finding that Dr. E. Ronald Salvitti participated in the day-to-day operations or exercised the level of control over Strive Enterprises as the director-shareholder physicians did in *Clackamas*.  The only specific allegations against Dr. E. Ronald Salvitti are that (1) he is the owner of Strive Enterprises; (2) it is believed he is a relative of John Salvitti; and (3) as controlling shareholder of Strive, he knew or should have known of the conduct of Strive Enterprises.  (Compl. ¶ 13).  Plaintiff failed to present evidence of specific conduct of Dr. E. Ronald Salvitti that would suggest he had a more direct involvement in the management of Strive.  Therefore, Defendant's Motion as to this count should be granted, as Plaintiff failed to allege facts to support a finding that Dr. E. Ronald Salvitti is an "employer" under Title VII.[4]

---

[3]The EEOC Guidelines are not binding on the courts, but are persuasive and provide guidance as to certain issues.  *See Christensen v. Harris County*, 529 U.S. 576 (2000).

[4]Because the Court recommends that Plaintiff has failed to state a claim against Dr. E. Ronald Salvitti, the motion to dismiss for lack of jurisdiction does not need to be reached. In addition, the Court does not believe Plaintiff is entitled to amend a third time for the reasons stated in footnote 2 herein.

3.      **Title VII and PHRA Age Discrimination Claims**

Title VII prohibits unlawful employment practices on the basis of "race, color, sex religion, or national origin."  42 U.S.C. § 2000e-2.  Title VII does not, however, prohibit discrimination of the basis of age.  Rather, the Age Discrimination in Employment Act ("ADEA") prohibits discrimination on the basis of age, and the provisions of the ADEA directly mirror those of Title VII. Notwithstanding the failure to allege the age discrimination under the ADEA as opposed to Title VII, Plaintiff failed to allege facts to support a plausible claim for relief.  Therefore, the motion to dismiss the age discrimination claim should be granted.

In *Kautz v. Met-Pro Corp.*, the Court noted "[t]he same legal standard applies to both the ADEA and the PHRA and therefore it is proper to address them collectively." 412 F.3d 463, 466 n.1 (3d Cir. 2005).  The standard applied to age discrimination cases was asserted in *Gross v. FBL Fin. Servs., Inc.*, 129 S.Ct. 2343 (2009).  According to the decision of the Court in *Gross*, a plaintiff must prove that age was the "but for" cause of the adverse employment action of the employer.  *Id*. at 2350 (2009); *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) (the employee's protected trait must have "actually played a role in the decision-making process and had a determinative influence on the outcome").

The Court in *Gross* articulated the proper standard of proof to be applied under the ADEA.  However, there is nothing to suggest the Court intended for this standard to apply at the pleading stage.  The standard to evaluate a 12(b)(6) motion to dismiss asserted in *Iqbal* requires that the complaint contain sufficient factual matter to show the complaint  is facially plausible. *Ashcroft v. Iqbal,* 129 S.Ct.1937, 1949 (2009).  Although this standard does not require the plaintiff to *prove* the allegations at the pleading stage, the standard announced in *Iqbal* requires

more than merely stating legal conclusions--recitals of the elements of the cause of action--without factual support.  *Id.*

In *Adams v. Lafayette Coll.*, No. 09-3008, 2009 WL 2777312 (E.D. Pa. Aug. 31, 2009), the Court granted the defendant's motion to dismiss the age discrimination complaint pursuant Rule 12(b)(6).  The Court justified the dismissal on the fact that "[t]he bald assertions Adams was treated differently because of his age is unsupported by any factual basis."  *Id.* at *3. Furthermore, the Court noted that "[s]imply attempting to state that such individuals experience different treatment is no more sufficient than pleading the element in abstract."  *Id.* at *4. Finally, the Court specifically noted that the complaint filed by Adams did not even satisfy the requirements under Rule 8(a), and the complaint's "factual allegations are scant and rely primarily on his own averments that he has been treated differently because of his age."  *Id.* (distinguishing from *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), where the Court held that the complaint satisfied the requirements of Rule 8(a), whereas the complaint in *Adams* failed to do so).  *Id.*

In the case at hand, Plaintiff asserts that he was treated less favorably than other similarly-situated employees because of his age.  (Compl. ¶ 23).  More specifically, Plaintiff alleged in his Second Amended Complaint that a "younger sales representative [was] being permitted to continue working on certain accounts that were to be Plaintiff's."  (Compl. ¶ 19). However, in relying on the decision in *Adams*, this allegation is not sufficient to survive a motion to dismiss.  The Court in *Adams* held that the allegation that younger employees received more favorable treatment as insufficient to survive a motion to dismiss because the allegations fell "short of demonstrating a plausible claim for relief."  *Adams*, 2009 WL 2777312 at *4, fn.2.  The

same conclusion should be reached by this Court on Defendant Strive's motion to dismiss. Plaintiff has failed to reach the pleading standard articulated in *Iqbal* and *Fowler* that he set forth facts that state a plausible claim for relief.  Following this standard, Plaintiff merely set forth allegations consisting of labels and legal conclusions, which are insufficient to survive a motion to dismiss.  Therefore, Defendant's Motion to Dismiss the age discrimination claim should be granted.[5]

### 4.      Title VII and PHRA Retaliation Claim

Title VII's anti-retaliation provision makes it "an unlawful employment practice for an employer to discriminate against any of his employees . . . [1] because he has opposed any practice made an unlawful employment practice by this subchapter, or [2] because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  These two provisions are frequently referred to as the "opposition clause" and "participation clause".  *Crawford v. Metro. Gov't of Nashville & Davidson County,* 129 S.Ct. 846, 850 (2009).

In *Crawford*, the Court held that Crawford was covered by the opposition clause because she provided her employer with a letter disapproving of the sexually obnoxious behavior directed toward her.  *Id.*  In the present case, Plaintiff asserts he made frequent complaints to management and supervisory staff of the alleged hostile work environment and age discrimination.  (Compl. ¶ 28).  As previously stated, at this preliminary stage, the plaintiff is *not* required to *prove* the allegations set forth in the complaint; the plaintiff need only set forth

_____

[5]Again, given that the complaint has been amended twice, the Court believes a third amendment would be futile.

sufficient facts to allow a finding he has a plausible claim for relief.  Additionally, the plaintiff is not required to show that the underlying conduct was unlawful under Title VII or the PHRA to sustain a retaliation claim.  *Aman v. Cort Furniture Rental Corp*., 85 F.3d 1074, 1085 (3d Cir. 1996).  However, the underlying claim must at least be based on "colorable violations of Title VII and the PHRA."  *Prise v. Alderwoods Group, Inc*., 657 F. Supp. 2d 564, 605 (W.D. Pa. 2009).

It is recommended that Defendant's Motion on the retaliation claim be denied.  Plaintiff's Second Amended Complaint presents acts that he complaint to Defendant's management concerning the discrimination he was enduring.  (Compl. ¶¶ 27-28).  Keeping in mind that Plaintiff is not required to prove any of his allegations at this stage, Plaintiff has presented enough factual allegations to survive Defendant's Motion to Dismiss on this issue.  Plaintiff asserts facts that he believed he was being discriminated against by his employers; a finding that the underlying conduct was unlawful is not required for a claim of retaliation to proceed. Plaintiff also asserts facts that he complained to his supervisors of the discriminatory treatment, which was followed by Plaintiff's termination.  *Id.*  Plaintiff was able to establish a plausible claim for relief based on the timing of events presented in his Second Amendment Complaint.

### D.     Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small – the pleading must be sufficiently unintelligible for the court to be able to make out one or more potentially viable legal theories on which the

claimant might proceed." *Sun Co. v. Badger Design & Constructors,* 939 F. Supp. 365, 368 (E.D. Pa. 1996) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1376, p. 311 (3d ed. 2004) (stating that "the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed"). "Granting the motion is appropriate only when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Dixon v. Boscov's, Inc.*, No. Civ.A. 02-1222, 2002 WL 1740583, at *4 (E.D. Pa. July 17, 2002) (citing *Sun Co.*, 939 F. Supp. at 368); *see also* 5 C. Wright & A. Miller, *supra*, § 1376, p. 312 n.9.

It is recommended that Defendant's Motion for More Definite Statement be granted as to Count II of the Second Amended Complaint. In his Second Amended Complaint, Plaintiff only provides, in the abstract, that Title VII and the PHRA were violated. Plaintiff failed to identify the specific provisions of the statutes addressing retaliation that Defendants violated. (Compl. ¶ 30.) Furthermore, Plaintiff fails to identify which specific defendants retaliated against him in violation of Title VII and the PHRA. Plaintiff simply identifies "Defendant" in the retaliation claim without specifying whether "Defendant" pertains to John Salvitti, Buzz Gardner, or Dr. E. Ronald Salvitti. (Compl. ¶ 30.) It is also recommended that Defendant's Motion for More Definite Statement be granted as to Count III of the Second Amended Complaint, but only as it relates to John Salvitti and Buzz Gardner. Plaintiff failed to specify facts that would support a finding that John Salvitti and Buzz Gardner aided and abetted in the employment discrimination.

13

If this Report and Recommendation is adopted by the district court, it is recommended that Plaintiff be given twenty (20) days to file a third amended complaint specifically addressing the issues outlined above.

## III.   <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully recommended that Defendant's Motion be granted in part, and denied in part.  Specifically it is recommended that the Motion to Dismiss Plaintiff's claims of aiding and abetting in employment discrimination as against Dr. E. Ronald Salvitti be granted; that the Motion to Dismiss the age discrimination under Title VII and the PHRA be granted as to all Defendants; and that the Motion to Dismiss Plaintiff's claim of retaliation under Title VII and the PHRA be denied.  It is also respectfully recommended that Defendant's Motion for More Definite Statement be granted as to Count II of Plaintiff's Second Amended Complaint and Count III of Plaintiff's Second Amended Complaint, only as it relates to John Salvitti and Buzz Gardner.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: April 8, 2010                              By the Court:

LISA PUPO LENIHAN

U.S. MAGISTRATE JUDGE

cc:    Counsel of Record